PER CURIAM:
Claimant brought this action for damage to her 1995 Toyota Tercel which occurred when she was traveling north on Route 2 near Wheeling in Ohio County and her vehicle struck a muffler in the road. Respondent was responsible at all times herein for the maintenance of Route 2. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on July 16, 2002, at approximately 11:00 a.m. Claimant was traveling north on Route 2 from Moundsville to Wheeling. At this location, Route 2 is a four-lane divided highway with two lanes going in each direction. She was on her way home from seeing a client in Moundsville. It was a clear, warm, sunny day and the road surface was dry. Claimant stated that she was traveling at approximately fifty to fifty-five miles per hour in the right lane of travel when she saw a muffler on the road ahead of her. It appeared to extend across her lane of travel. She stated that she quickly slowed the vehicle down to approximately thirty to thirty-five miles per hour. She testified that if she had swerved to the left she would have collided with another vehicle, and if she swerved to the right she would have been on the berm. Thus, she decided that she had no choice but to straddle the muffler with her vehicle. She was able to maintain control of the vehicle and was not injured. However, her vehicle sustained damage resulting in two flat tires and two damaged wheels as a result of striking the muffler. The front left tire and wheel were destroyed as well as the back right tire and wheel. After striking the muffler with the vehicle, she drove slowly to the state police detachment in Wheeling and from there her vehicle was towed to the garage for repairs. Claimant stated that this incident occurred between McMechen and Wheeling on Route 2. Claimant testified that she called both respondent’s local office to report this incident and the local state police detachment on August 23, 2002. They informed her that there was nothing logged in their records regarding a muffler in the road on the portion of Route 2 at issue. Claimant had comprehensive insurance that covered most of her damages. She paid a $250.00 deductible for the property damage and her insurer paid the remainder. Claimant also submitted a bill in the amount of $70.60 for the cost she incurred in renting a vehicle. Thus, claimant seeks a total award of $320.60.
Claimant contends that respondent knew or should have known that this muffler was present in the travel portion of the road and taken remedial action. Its failure to do so created a hazardous condition for the traveling public.
Respondent asserts that it had no notice of this hazard and thus had no reasonable opportunity to take remedial actions.
Terry Kuntz, the interstate supervisor for respondent in Ohio County at the time of this incident, testified that as interstate supervisor his job responsibilities also included overseeing the maintenance of the portion of Route 2 at issue. He is familiar with the portion of Route 2 at issue but Mr. Kuntz was on vacation at the time of this *287 incident and Jean Moon, another employee for respondent, was responsible while he was gone. Jean Moon was not available to testify at the hearing. Mr. Kuntz testified that he reviewed the records kept by respondent regarding this incident. He testified that the records indicated that claimant called respondent’s office and reported striking the muffler in the road. According to respondent’s records, an employee went to the location of the incident and did not find the muffler or any debris as a result of this incident. Mr. Kuntz admitted that he could not testify as to whether or not there was a muffler present prior to claimant calling respondent’s office.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept of Highways, 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). Claimant herein failed to establish that respondent was negligent in any manner whatsoever with regard to this incident. While sympathetic to the claimant for the damage to her vehicle, the Court is of the opinion that claimant failed to produce sufficient evidence at the hearing of this matter to establish that respondent had prior notice of the muffler in the road.
Therefore, the Court is of the opinion to and does deny this claim.
Claim disallowed.